United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-4186

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Michael James Fay, | * | |
| | * | **[UNPUBLISHED]** |
| Defendant - Appellant. | * | |

_____

Submitted: June 10, 1997
Filed: August 4, 1997

_____

Before LOKEN and ROSS, Circuit Judges, and FENNER,[*] District Judge.

_____

PER CURIAM.

Michael Fay was convicted of embezzling union funds.  Granting his motion for a downward departure, the district court[1] sentenced Fay to three months in prison, six months on work release, three years of supervised release, a $10,000 fine, and an

_____

[*]The HONORABLE GARY A. FENNER, United States District Judge for the Western District of Missouri, sitting by designation.

[1]The HONORABLE MICHAEL J. DAVIS, United States District Judge for the District of Minnesota.

assessment for costs of confinement. Some weeks later, the probation officer advised the court that the Bureau of Prisons cannot supervise inmates on work release. The court then entered an amended judgment making the six-month term of work release the first six months of Fay's three-year term of supervised release. Accepting that modification, Fay moved to clarify the amended judgment so that it specified when he must pay the assessed costs of confinement. The court entered a second amended judgment containing that clarification.

After serving three months in prison, Fay began his term of supervised release. During the first six months -- the work release period -- he violated the conditions of supervised release by lying to his probation officer and submitting forged documents to his new employer. After a violations hearing, the district court revoked supervised release and sentenced Fay to two years in prison plus completion of his term of supervised release and payment of the original fine. On appeal, Fay argues for the first time that the amended judgment violated Rule 43 of the Federal Rules of Criminal Procedure because he was not present "at the imposition of sentence." Therefore, Fay reasons, the violations occurred during work release under the original judgment, not during supervised release under the invalid amended judgment, so the district court only had authority to imprison him for the remainder of the six-month work release term. We conclude that this issue was not properly preserved. Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.